UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JACK DONNELL DAVIS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KYLE FULMER, et al.<br><br>　　　　Defendants. | Civil Action No. 09-2363 (RLW) |

# MEMORANDUM OPINION[1]

## I. Introduction and Background.

"On November 1, 2004, Jack Davis was convicted" in the U.S. District Court for the District of Columbia "after a jury trial of a narcotics conspiracy, possession of marijuana, possession with intent to distribute phencyclidine . . . , firearm possession during a drug trafficking offense, and unlawful distribution of cocaine." *United States v. Davis*, 402 F. Supp. 2d 252, 255 (D.D.C. 2005). Mr. Davis now brings this five-count civil action against Kyle Fulmer and Robert C. Lockhart, *see* Compl., ECF No. 1, who are both special agents of the Federal Bureau of Investigation, Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss, ECF No. 11 [hereinafter Mem.], alleging that they committed perjury during his trail and a motion hearing and falsely imprisoned him, assaulted him, battered him, and unreasonably searched him in violation of the 4th Amendment and violated his rights to due process under the 5th Amendment during their arrest of Plaintiff following a traffic stop, *see* Compl.

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings. It is not intended for publication in the official reporters.

1

Defendants have moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Defs.' Mot. to Dismiss Pl.'s Compl., ECF No. 11 [hereinafter Mot.]; *see* Mem. This motion will be granted. First, Plaintiff fails to state a claim for perjury because no civil cause of action for perjury exists in the District of Columbia. Second, the claims of false imprisonment, assault, and battery will be considered as pled under the Federal Tort Claims Act, and the United States will be substituted as the sole defendant on those claims because Defendants have certified that Special Agents Fulmer and Lockhart were acting within the scope of their employment at the time of the allegations giving rise to the complaint and because Plaintiff has not challenged that certification. The Court lacks subject-matter over these claims because Plaintiff has not pled or otherwise shown that he has exhausted his administrative remedies. Third, the Court lacks subject-matter jurisdiction over Plaintiff's official-capacity constitutional claims against Special Agents Fulmer and Lockhart because they are entitled to sovereign immunity, and Plaintiff's complaint does not contain allegations sufficient to state any personal-capacity constitutional claims against these defendants. Therefore, this case will be dismissed.

## II.     Legal Standards.

### A.     Motion to Dismiss Under Rule 12(b)(1).

Despite the favorable inferences a plaintiff generally receives on a motion to dismiss, under Rule 12(b)(1), "it is to be presumed that a cause lies outside the federal court's limited jurisdiction unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction." *Ramer v. United States*, 620 F. Supp. 2d 90, 95–96 (D.D.C. 2009) (internal citations and quotation marks omitted). Moreover, "[w]hile the complaint is to be

construed liberally, the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiffs' legal conclusions." *See Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). "Plaintiffs' factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wightman–Cervantes v. Mueller*, 750 F. Supp. 2d 76, 78 (D.D.C.2010) (internal quotation marks and citations omitted).

    **B.**    **Motion to Dismiss Under Rule 12(b)(6).**

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible in its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (quoting *Twombly*, 550 U.S. at 570); *accord Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). A claim to relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. This amounts to a "two-pronged approach," under which a court first identifies the factual allegations entitled to an

assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." *Id.* at 1950–51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. *See Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. *See Leatherman v. Tarrant County Narcotics & Coordination Unit*, 507 U.S. 163, 164 (1993); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949–50 (internal quotation marks omitted); *see also Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (noting that the D.C. Circuit has "never accepted legal conclusions cast in the form of factual allegations" (internal quotation marks omitted)).

### III. Analysis.

#### A. Plaintiff Fails to State a Claim for Perjury upon Which Relief Can Be Granted.

Plaintiff pleads three counts labeled as "PERJURY" against Special Agents Fulmer and Lockhart. Compl. ¶¶ 13–15. Specifically, Plaintiff claims that Special Agent "Fulmer committed perjury at the Plaintiff's [m]otion [h]earing regarding how and why the Plaintiff was

arrested on December 17, 2001," *id.* ¶ 13; that Special Agent "Lockhart committed perjury at the Plaintiff's [t]rial regarding how and why the Plaintiff was arrested on December 17, 2001," *id.* ¶ 14; and that Special Agent "Fulmer committed perjury at the Plaintiff's [t]rial regarding how and why the Plaintiff was arrested on December 17, 2001," *id.* ¶ 15.

There is no civil cause of action for perjury in the District of Columbia; such a tort simply does not exist in the common law of the District, nor has one been statutorily created. Indeed, "Maine is the only state that recognizes a civil action for perjury." *Spickler v. Greenberg*, 644 A.2d 469, 470 n.1 (Me. 1994); *see generally* 60A Am. Jur. 2d *Perjury* § 104; 70 C.J.S. *Perjury* § 4. Plaintiff therefore fails to state a claim for perjury upon which relief can be granted.

### B. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims of False Imprisonment, Assault, and Battery.

In the two other counts of his complaint, Plaintiff pleads claims of "FALSE IMPRISONMENT" and "ASSAULT AND BATTERY." Compl. ¶¶ 8–12. These torts are properly considered under the FTCA, which waives sovereign immunity for, *inter alia*, claims "arising out of assault, battery, and false imprisonment" when, as in this case, such assault, battery, or false imprisonment was allegedly committed by "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h); *see id.* § 1346(b); *Sloan v. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) (noting that the FTCA "grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment, and waives the government's sovereign immunity from such claims").

Plaintiff has pled these claims against Special Agents Fulmer and Lockhart, but "Rudolph Contreras, Chief of the Civil Division, United States Attorney's Office for the District of

Columbia, acting pursuant to delegated authority, has certified . . . that Kyle Fulmer and Robert C. Lockhart were federal employees acting within the scope of their employment as Special Agents of the Federal Bureau of Investigation at the time of the allegations giving rise to the complaint." Mot. at 1 n.1; *see* Certification, ECF No. 11-1. When an employee is so certified, 28 U.S.C. § 2679 "confers immunity on federal employees 'by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment.'" *Applewhaite v. Shinton*, 729 F. Supp. 2d 233, 236 (D.D.C. 2010) (quoting *United States v. Smith*, 499 U.S. 160, 163 (1991)). The relevant provision provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).[2] A certification under § 2679 "constitute[s] *prima facie* evidence that the employee was acting within the scope of his employment." *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006). Plaintiff has not challenged the certification in this case. *See* Opp'n, ECF No. 13. Therefore, the Court will substitute the United States as the Defendant for Plaintiff's FTCA claims.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see* 28 U.S.C. § 1675. This bar is jurisdictional. *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). "Under the FTCA, exhaustion occurs once a claimant has presented the appropriate federal agency with a claim describing the alleged injury with particularity and setting forth a

---

[2] Defendants refer to subsection (d)(2), not (d)(1). *See* Mot. at 1 n.1. Subsection (d)(2) concerns cases commenced in state court and removed to federal court. § 2679(d)(2). This case was commenced in federal court, not state court. *See* Compl. Therefore, the proper subsection is (d)(1).

'sum certain' of damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing." *Applewhaite*, 729 F. Supp. 2d at 237 (quoting *Grant v. Secretary, U.S. Dep't of Veterans Affairs*, No. 03-5260, 2004 WL 287125, at *1 (D.C. Cir. Feb. 4, 2004)) (citing 28 U.S.C. § 2675(a)). Plaintiff has made no allegations in his complaint that he has presented a claim to any federal agency before commencing this case, *see* Compl., and there is no evidence in the docket of this case to show that Plaintiff made any such presentment. The Court therefore lacks subject-matter jurisdiction over Plaintiff's claims of false imprisonment, assault, and battery.

    **C.**    **Plaintiff's Constitutional Claims Fail.**

Plaintiff also mentions in his complaint that during the traffic stop, he was "forcefully removed . . . from the vehicle, arrested, searched, and handcuffed . . . without warrant . . . in violation of Plaintiff's rights and the constitutional provisions of due process of law." Compl. at 2. Although Plaintiff does not make these allegations in a count separate from his other tort claims, the Court will construe the complaint to contain claims of violations of Plaintiff's 4th Amendment right against unreasonable search or seizure and Plaintiff's 5th Amendment right to due process of law. Even when so construed, these claims fail.

"[T]he United States has not waived sovereign immunity with respect to actions for damages based on violations of constitutional rights by federal officials when brought against the United States directly, or against officers sued in their official capacities." *Hamrick v. Brusseau*, 80 F. App'x 116, 116 (D.C. Cir. 2003) (internal citations omitted). "Sovereign immunity is jurisdictional in nature." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, to the extent that Plaintiff brings any constitutional claims against Special Agents

7

Fulmer and Lockhart in their official capacities, the Court lacks subject-matter jurisdiction to consider such claims.

To the extent that Plaintiff brings any constitutional claims against Special Agents Fulmer and Lockhart in their personal capacities, Plaintiff brings such claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes personal-capacity suits against officials acting under color of federal law for violations of constitutional rights. Plaintiff, however, fails to plead facts sufficient to state any such a claim. Plaintiff's mere allegation that he was searched without a warrant does not, without more, state a claim that such search was unreasonable, because lack of a warrant does not equate to unreasonableness, particularly where, as alleged here, the search was made incident to arrest. *See United States v. Christian*, 187 F.3d 663, 666 (D.C. Cir. 1999) ("A search incident to arrest is a well recognized exception to the Fourth Amendment's warrant requirement."). And Plaintiff's allegation that his arrest violated due process is simply conclusory; he has identified neither the process to which he was allegedly due nor what Defendants did to violate that proccess. *See* Compl.

**IV.     Conclusion.**

For the reasons discussed above, the Court will grant Defendants' motion to dismiss. A separate Order consistent with this Memorandum Opinion shall issue this date.

SO ORDERED.

ROBERT L. WIKLINS
United States District Judge